IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America | ) | Criminal No.: 2:91-440 |
| | ) | |
| vs. | ) | |
| | ) | |
| Daniel A. Vogel | ) | **ORDER** and **OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court upon Daniel A. Vogel's ("petitioner") motion for a writ of error coram nobis. In 1992, petitioner was convicted of conspiracy and various substantive offenses arising out of his participation in the arson of his Myrtle Beach, South Carolina home. Petitioner was sentenced to a term of 120 months imprisonment. Released from custody after fully serving his sentence, petitioner filed the instant motion seeking an order to vacate his criminal conviction. This is petitioner's third post-conviction attack on his sentence. The government moves to dismiss the current petition arguing that petitioner's claims are procedurally barred and meritless. For the reasons stated herein, petitioner's motion to vacate his sentence must be denied.

## I. BACKGROUND

Since the background of this case was thoroughly discussed in the Fourth Circuit's decision affirming petitioner's conviction and sentence, United States v. Vogel, 37 F.3d 1497 (4th Cir. 1994), this court will address only those facts relevant to the current motion.

1

On October 3, 1991, a federal grand jury sitting in the District of South Carolina returned a twelve-count indictment charging petitioner and several others with conspiracy and various substantive offenses arising out of a scheme to burn down his Myrtle Beach, South Carolina vacation home and collect the fire insurance proceeds.  Petitioner was convicted by a jury on all but two of the counts in the indictment.   On March 10, 1993, this court sentenced petitioner to 120 months' imprisonment, three years of supervised release, and $1,659,144.60 in restitution.

Following his conviction, petitioner filed a direct appeal with the Fourth Circuit Court of Appeals.  On October 12, 1994, the Fourth Circuit issued an opinion affirming petitioner's conviction and sentence.  See United States v. Vogel, 37 F.3d 1497 (4th Cir. 1994).  On January 16, 1996, petitioner filed another appeal in the form of a habeas corpus petition pursuant to 28 U.S.C. § 2255.  Again, the Fourth Circuit affirmed his conviction and sentence, stating that petitioner presented no viable claims for relief. See United States v. Vogel, 151 F.3d 1031 (4th Cir. 1998).  On March 24, 2001, petitioner filed an additional appeal, and the Fourth Circuit denied application for leave to file a second or successive 28 U.S.C. § 2255 petition.  The United States Supreme Court similarly denied his petition for a writ of certiorari.  See Vogel v. United States, 534 U.S. 825 (2001).

On April 7, 2005, some fifteen years following his conviction, petitioner filed the present motion in the nature of a writ of error coram nobis, in which he seeks to vacate his conviction.  The government responded, arguing the district court should dismiss the motion since petitioner is precluded from raising claims that could have been addressed

2

in his previous post conviction proceedings.  On July 5, 2005, petitioner filed a motion

seeking to have the undersigned disqualified from hearing the instant petition.  This

motion was denied by Judge Patrick Michael Duffy.  On November 30, 2005, petitioner

submitted to the Fourth Circuit a petition for a writ of mandamus seeking relief from his

criminal judgment, disqualification of the district judge, and in the alternative, an order

directing the district judge to rule expeditiously on his pending motion.  The Fourth

Circuit denied the petition, finding that the relief sought was unavailable by way of

mandamus and that the district court had not unreasonably delayed in deciding the

petition.  Petitioner asks this court to vacate his conviction pursuant to the present motion

for a writ of error coram nobis.

## II.  STANDARD OF REVIEW

In determining whether a court must address a petition for coram nobis relief, it is

appropriate to use the same analytical framework as applied when reviewing successive

habeas corpus petitions pursuant to § 2255.  Fleming v. United States, 146 F.3d 88, 90

(2d Cir. 1998).   Due to the distinct similarities between coram nobis proceedings and §

2255 proceedings, § 2255 procedure is applied by analogy in coram nobis cases.  Blanton

v. United States, 94 F.3d 227, 235 (6th Cir. 1996).  Accordingly, this court will treat the

present coram nobis proceeding in the same manner as a habeas corpus petition pursuant

to § 2255.

## III.  ANALYSIS

Viewed as "essentially a remedy of last resort," Fleming, 146 F.3d at 89, a writ of

error coram nobis is available only to those cases in which "errors . . . of the most

fundamental character . . . rendered the proceeding itself irregular and invalid." United States v. Mayer, 235 U.S. 55, 69 (1914).  Coram nobis relief is extremely rare and only granted  "under circumstances compelling such action to achieve justice."  United States v. Morgan, 346 U.S. 502, 511 (1954); see Carlisle v. United States, 517 U.S.  416, 429 (1996) (stating that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." (quoting United States v. Smith, 331 U.S. 469 (1947))).  Essentially, the writ is issued "to correct errors of fact unknown to the court at the time of the judgement, without fault of the defendant, which, if known would probably have prevented the judgment." Morgan, 346 U.S. at 516.

Through the instant coram nobis petition, Vogel seeks to have his conviction vacated on the basis that: (1) his indictment was "constitutionally defective and insufficient" in violation of the Fourth Amendment and Due Process Clause; (2) his defense counsel was ineffective as a result of its failure to argue the above referenced point; and (3) his counsel improperly agreed to a stipulation of fact that petitioner had not agreed to, resulting in what amounts to an involuntary guilty plea.

Due to petitioner's previous unsuccessful attempts at achieving post-conviction relief, this court must, before addressing the merits of the coram nobis petition, determine whether the current petition is properly before the court.  Durrani v. United States, 294 F. Supp. 2d 204, 209 (2003); see Morgan, 346 U.S. at 512 (stating that coram nobis is available only when no other remedy is available and sound reasons exist for failure to seek appropriate earlier relief); Wills v. United States, 654 F.2d 23 (8th Cir. 1981)

4

("[C]oram nobis may not be used to relitigate matters raised in a § 2255 motion.").  As

noted above, courts apply the analysis used in § 2255 proceedings to determine the

propriety of a coram nobis petition.  See Blanton v. United States, 94 F.3d at 235

(recognizing that "because of the similarities between coram nobis proceedings and §

2255 proceedings, the § 2255 procedure is often applied by analogy in coram nobis

cases.").  In accordance with § 2255 procedure, the Durrani court devised a test to

determine whether consideration of a coram nobis petition is necessary.  Under the

Durrani test, courts will refuse to entertain a petition if: "(1) the same grounds presented

in the current petition were determined adversely to petitioner in an earlier collateral

proceeding; (2) the prior determination was on the merits; and (3) the 'ends of justice'

would not be served by reaching the merits of the repetitive grounds in the current

petition."  Durrani, 294 F. Supp. 2d at 210; Saunders v. United States, 373 U.S. 1, 15

(1963) (setting the standard for determining the propriety of successive habeas corpus

petitions); United States ex rel. Schnitzler v. Folette, 406 F.2d 319, 322 (2d Cir.

1969)(reversing a district court's decision to entertain a habeas corpus application when

the application was factually and legally identical to one previously rejected on the merits

by the Second Circuit).

  In Sun v. United States, the court acknowledged that coram nobis relief is "only

appropriate when claims could not have been raised by direct appeal, or the grounds to

attack the conviction become known after a completed sentence when § 2255 relief is

unavailable."  Sun v. United States, 342 F. Supp. 2d 1120, 1126 (N.D. Ga. 2004).  The

Durrani court implemented further standards upon coram nobis petitioners by noting that

petitioners bear the burden to demonstrate that: "(1) sound reasons exist for his failure to

seek appropriate relief earlier; (2) he continues to suffer legal consequences from his

conviction that may be remedied by granting of the writ; and (3) granting such relief is

necessary under the circumstances to achieve justice."  Durrani, 294 F. Supp.2d at 212.

        Applying these standards to the case at bar, it is clear that the court should not

entertain the merits of the current petition.  First, as noted above, petitioner

unsuccessfully appealed his conviction to the Fourth Circuit in 1994.  In 1996, petitioner

attempted to challenge his conviction on a second occasion by filing a habeas corpus

petition pursuant to § 2255.  This petition was denied, and, in 2001, petitioner filed a

successive habeas petition which was again denied by the Fourth Circuit.  Based on this

lengthy history of post conviction challenges, it is clear that petitioner has exhausted his

opportunity to challenge his conviction.  At this point, coram nobis relief would only be

appropriate if the challenge were based on grounds newly realized after a completed

sentence or under a change of law.  See Sun, 342 F. Supp. 2d at 1126.  "As an

extraordinary remedy, the writ of error coram nobis may not be used to relitigate matters

that have already been put in issue and determined."  Id. at 1126-27.

        Petitioner's assertion that his counsel improperly agreed to a stipulation that arson

caused the fire which burned petitioner's house was already considered by this court in

the first habeas petition.  On January 27, 1997, this court granted the government's

motion for summary judgment, stating that "the court finds that counsel's decision was

entered into with the permission of [petitioner], and was within the realm of reasonable

6

professional judgment." (Order at 6.) Because this issue has already been ruled upon, petitioner is barred from relitigating this claim.

While petitioner's argument that the indictment was "constitutionally invalid and defective" was not specifically considered in either habeas petition or on appeal, this argument fails to allege an error of such fundamental character as to warrant coram nobis relief. See Sun, 342 F. Supp. 2d at 1127. Petitioner does not bring this new challenge as a result of newly discovered information or a change in the law. Similarly, petitioner's claim that his counsel was ineffective for its failure to argue this point is not viable, as it is not the result of newly discovered information or a change of law. See id. at 1126. These claims are insufficient to validate successive review pursuant to the present coram nobis petition.

In short, petitioner fails to meet the requirements necessary to justify reconsideration of his claim. Petitioner neglects to bring forth any new evidence or a change of law that would permit reconsideration of his claim. Furthermore, many of the grounds presented in petitioner's motion to set aside his conviction have been previously litigated and decided adversely to him on direct appeal and in his § 2255 motions. In the absence of new credible evidence or a change of law, petitioner's request for writ of error coram nobis is procedurally barred. See Durrani, 294 F. Supp.2d at 212. Even if the claim were procedurally proper, petitioner alleges no error of such "fundamental character" as to warrant issuance of a writ of error coram nobis. See Sun, 342 F. Supp. 2d at 1127. Therefore, because petitioner had ample opportunity on direct appeal and in his

2:91-cr-00440-DCN     Date Filed 04/20/06     Entry Number 192     Page 8 of 8

previous § 2255 petition to raise these issues, this court need not address the merits of the

instant motion for writ of error coram nobis.

### IV.  CONCLUSION

 For the above stated reasons, petitioner's motion in the nature of a writ of error

coram nobis is **DENIED**, and the government's motion to dismiss is **GRANTED**.

**AND IT IS SO ORDERED**.


**DAVID C. NORTON**
**UNITED STATED DISTRICT COURT JUDGE**


**April 20, 2006**
**Charleston, South Carolina**